# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

SHEREE GLASS, INDIVIDUALLY
AND ON BEHALF OF HER MINOR
CHILD JULIUS LEROY MORGAN

NO.  2020 CW 0419

VERSUS

MICROTEL INN & SUITES
PONCHATOULA AND WILSHIRE
INSURANCE COMPANY

**NOVEMBER 09, 2020**

---

In Re:   Microtel Inn & Suites Ponchatoula and Wilshire
         Insurance Company, applying for supervisory writs,
         21st Judicial District Court, Parish of Tangipahoa,
         No. 20170001892.

---

**BEFORE:   McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

   **WRIT GRANTED.** The trial court's May 5, 2020 judgment which denied the motion for summary judgment filed by defendants, Microtel Inn & Suites Ponchatoula and Wilshire Insurance Company, is reversed.  When the mover will not bear the burden of proof on the issue that is before the court on the motion for summary judgment, the mover's burden does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim.  La. Code Civ. P. art. 966(D)(1).  The owner or custodian of a thing is answerable for damage occasioned by its vice or defect only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.  In this case, defendants pointed out an absence of evidence as to their actual or constructive notice of a defect in the treadmill at issue.  There was no evidence that defendant, Microtel Inn & Suites Ponchatoula, had actual notice of an alleged defect. Constructive notice requires that the plaintiff prove the condition existed for some time period prior to the incident. **Clark v. East Baton Rouge Parish Department of Public Works,** 2017-1445 (La. App. 1st Cir. 4/6/18), 248 So.3d 409, 414. Plaintiff herein, Sheree Glass, failed to produce evidence sufficient to establish the existence of a genuine issue of material fact as to the element of actual or constructive notice, and therefore, defendants are entitled to summary judgment.  The motion for summary judgment filed by defendants, Microtel Inn & Suites Ponchatoula and Wilshire Insurance Company, is granted, and the claims of plaintiff, Sheree Glass, individually and on behalf of her minor child, Julius Morgan, are dismissed.

**PMc**
**JEW**
**GH**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
    FOR THE COURT